ORIGINAL

CADES SCHUTTE
A Limited Liability Law Partnership

PATRICIA J. MCHENRY        4267-0
MITSUKO TAKAHASHI          9141-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
FAX: (808) 521-9210
Email: pmchenry@cades.com
       mtakahashi@cades.com

Attorneys for Defendants Bank of New York
Mellon as Trustee for the Certificateholders
CWMBS, Inc., CHL Mortgage Pass-Through
Trust 2006-21, Mortgage Pass-Through
Certificates, Series 2006-21; Countrywide Home
Loans, Inc.; Bank of America, N.A.; and
Mortgage Electronic Registration Systems, Inc.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 25 2012
at 3 o'clock and 00 min P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER B. NOTTAGE, JR, and JENNIFER A. NOTTAGE,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, A NEW YORK CORPORATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-21; COUNTRYWIDE HOME | CIVIL NO. 12-00418 BMK<br><br>DEFENDANTS' **NOTICE OF REMOVAL**; DECLARATION OF PATRICIA J. McHENRY; EXHIBITS 1 and 2; CERTIFICATE OF SERVICE |

ImanageDB:2153423.1

| |
|---|
| LOANS, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,<br><br>                Defendants. |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, DEFENDANTS THE BANK OF NEW YORK MELLON, as TRUSTEE for the CERTIFICATEHOLDERS CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-21 ("*BONY*"); COUNTRYWIDE HOME LOANS, INC. ("*CHL*"); BANK OF AMERICA, N.A. ("*BANA*"); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("*MERS*") (collectively, "*Defendants*"), give notice of removal of this action from the Circuit Court of the First Circuit, State of Hawai'i ("*Hawai'i Circuit Court of the First Circuit*") to the United States District Court for the District of Hawai'i ("*Notice of Removal*"). As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), venue here is proper, and

Defendants have satisfied the procedural requirements for removal. In support of its Notice of Removal, Defendants state the following:

1.  **State Court Action**

Plaintiffs PETER B. NOTTAGE, JR. and JENNIFER A. NOTTAGE ("*Plaintiffs*") filed their Complaint ("*Compl.*") against Defendants THE BANK OF NEW YORK MELLON, as TRUSTEE for the CERTIFICATEHOLDERS CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-21; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, on May 25, 2012. *See* Complaint, Ex. 1. The case is styled: *PETER B. NOTTAGE, JR. and JENNIFER A. NOTTAGE, Plaintiffs v. THE BANK OF NEW YORK MELLON, A NEW YORK CORPORATION, AS TRUSTEE FOR CERTIFICATEHOLDERS CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-21; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendant* [sic].

2.  **Receipt of Plaintiffs' Initial Pleading by Defendants**

Defendants were served with copies of the Plaintiffs' Complaint on June 26, 2012. Moreover, counsel for Plaintiffs agreed to Defendants' request to extend time to file a response to the Complaint until July 25, 2012.

3.  **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over any action in which complete diversity of citizenship exists among the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

As discussed herein, this action is removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. §1332(a), venue is proper in the District of Hawai'i, and this Notice of Removal is timely filed.

4.  **Grounds for Removal: Complete Diversity of Parties**

This Court has original jurisdiction over the present action because complete diversity of citizenship exists among the parties and the matter in controversy

exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a). In their Complaint [*See* Exh. 1, ¶ 3], Plaintiffs admit that they are residents of the State of Hawai'i. Plaintiffs also admit that BONY is "a New York corporation." *Id.* ¶ 4. BONY is a citizen of New York for diversity purposes. Meanwhile, though Plaintiffs correctly identify BANA as "a national banking association," they incorrectly allege that it is a Delaware corporation. *Id.* ¶ 5. In fact, as a national bank, BANA is not incorporated in any state. Since its principal place of business is in Charlotte, North Carolina, BANA is a citizen of North Carolina for diversity purposes. *See* 28 U.S.C. § 1348 ("[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). On the other hand, Plaintiffs correctly identify CHL as "a wholly owned subsidiary of Countrywide Financial Corporation, which is a wholly owned subsidiary of the publicly traded Bank of America Corporation." *See* Exh. 1, ¶ 6. CHL and Countrywide Financial Corporation are Delaware corporations with their principle places of business in Calabasas, California. Thus, CHL is a citizen of California for diversity purposes. Finally, Plaintiffs correctly identify MERS' principal place

of business as the Commonwealth of Virginia. *Id.* ¶ 7. Therefore, MERS is a citizen of Virginia for diversity purposes.

In addition, the amount in controversy in this Action exceeds $75,000.00, in that Plaintiffs seek an order nullifying the completed foreclosure sale on the incident property ("***Property***"). The Property was sold on or about April 13, 2011, for $711,001.00. *See* Exh. 1, ¶ 4 (citing Compl., Ex. 5). Moreover, Plaintiffs also request unspecified statutory, compensatory, punitive, and treble damages. *Id.* at p. 23.

Accordingly, this Court has original subject matter jurisdiction over Plaintiffs' action, and Defendants have grounds for removal. *See* 28 U.S.C. §§ 1331 and 1441(a).

### 5. The Procedural Requirements for Removal Have Been Satisfied

Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1446. No previous application has been made for the relief requested herein.

### 6. Venue

The United States District Court for the District of Hawai'i embraces the county in which the state court action is now pending, and thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(b), 1446(a).

### 7. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since June 26, 2012, the date on which Defendants were served with the Complaint. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding 30-day removal period does not begin to run until defendant is formally served). Moreover, counsel for Plaintiffs agreed to Defendants' request to extend time to file a response to the Complaint until July 25, 2012.

### 8. State Court Pleadings

Attached hereto as Exhibit 1 is the Complaint for the removed action that was served on Defendants. Exhibit 1 constitutes all process, pleadings, and orders that have been served on Defendants in this action as required by 28 U.S.C. § 1446(a). Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice to Plaintiffs and shall file a true and correct copy of this Notice of Removal with the Clerk of the Hawai'i Circuit Court of the First Circuit.

In filing this Notice of Removal, Defendants do not waive any defense, exception, right, or motion. Defendants specifically reserve all defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendants of any of the allegations or damages sought in the Complaint.

WHEREFORE, DEFENDANTS THE BANK OF NEW YORK MELLON, as TRUSTEE for the CERTIFICATEHOLDERS CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-21; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. remove this action from the Hawai'i Circuit Court of the First Circuit to the United States District Court for the District of Hawai'i.

DATED: Honolulu, Hawai'i, July 25, 2012.

CADES SCHUTTE LLP

/s/ Patricia J. McHenry
Patricia J. McHenry
Attorneys for Defendants
Bank of New York Mellon as Trustee for the Certificateholders CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-21, Mortgage Pass-Through Certificates, Series 2006-21; Countrywide Home Loans, Inc.; Bank of America, N.A.; and Mortgage Electronic Registration Systems, Inc.